UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Tyson, # 113360,<br>*aka* Charles Kevin Bruce Tyson,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Jane Jordan; Henry McMaster; John W. McIntosh;<br>Salley W. Elliott; Julie M. Thames; County of<br>Florence, South Carolina,<br><br>　　　　　　　　　　Defendants. | C/A No. 6:10-1528-MBS-KFM<br><br><br><br>**Report and Recommendation** |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently confined at the Lee Correctional Institution, serving a life sentence on a 1982 Florence County murder conviction. In the Complaint filed in this case, Plaintiff claims that his due process and equal protection rights were violated when he tried to file, but was prevented from doing so, what was, essentially, a motion for default judgment in a civil mandamus action that he had pending in Florence County Court of Common Pleas.[2] The Florence County case number for that mandamus action was 2009-CP-21-3024. The mandamus case sought Plaintiff's release from prison based on his continuing claims that the trial judge and solicitor conspired together to forge the indictment on which he was tried and ultimately convicted. He unsuccessfully made a similar claim in this Court in a civil action filed under 42 U.S.C. § 1983, *Tyson v. Hinnant*, Civil Action

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] Plaintiff labeled the motion a "Motion for Peremptory Mandamus," but, regardless of the title given it by Plaintiff, it sought a default judgment against the respondent because no answer had been filed to his petition within thirty days of its service. S.C.R. Civ. P. 55 (default judgment rule in state court civil proceedings).

No. 4:92-766-CES, and the Fourth Circuit Court of Appeals affirmed this Court's rejection of those claims. *Tyson v. Hinnant*, 46 F.3d 1126 (4th Cir. Jan.17, 1995)(Table, text in Westlaw, No. 92-7066).[3] Plaintiff's federal habeas corpus case directed to his 1982 convictions was rejected in November 1985 in *Tyson v. McKellar*, Civil Action No. 3:85-1834-CES. Plaintiff has also written a book in which he asserts his claim that his convictions are based on void indictments due to forgery by the trial judge and prosecutor.

In his Complaint in this case, Plaintiff claims that his wife mailed the motion from Columbia on April 3, 2010 and that is was received by the Florence County Clerk of Court's office on April 5, 2010. At the same time, Plaintiff's wife also mailed a copy of the motion to the Office of the Attorney General, the legal representative of the opposing party in the state court action. However, according to Plaintiff, Defendant Jordan, an employee of the Florence County Clerk of Court, refused to file the motion for default judgment on the day she received it in the mail from his wife because it was not accompanied by a $ 25.00 motion filing fee. Instead of contacting Plaintiff's wife about the missing filing fee, Jordan sent the unfiled motion back to Plaintiff at his prison address on April 6, 2010. On that same day, the respondent submitted a late return to Plaintiff's mandamus petition and that return was filed by the Clerk of Court. Two days later, on April 8, 2010, the Florence County court ruled on the merits of his petition and granted the state's

---

[3] With respect to Plaintiff's conspiracy claim, the Fourth Circuit stated:

> We note that Tyson's failure to make more than naked assertions of conspiracy between Defendants and the state prosecutor precludes a finding of the requisite state action under § 1983. *See Phillips v. Mashburn*, 746 F.2d 782 (11th Cir.1984). We also note that Tyson's claim of a manufactured indictment is unavailing under § 1983, for the amended indictment in this case did not "change an 'essential' or 'material' element of the charge so as to cause prejudice to the defendant" and, therefore, did not deprive Tyson of his constitutional rights. *United States v. Bledsoe*, 898 F.2d 430, 432 (4th Cir.) (quoting *United States v. Cina*, 699 F.2d 853, 857 (7th Cir.), *cert. denied*, 464 U.S. 991 (1983)), *cert. denied*, 498 U.S. 986 (1990).

2

motion to dismiss without a hearing and without seeking additional input from either Plaintiff or the respondents.

Plaintiff's Complaint alleges that Jordan refused to file his motion for default judgment "to assist the S.C. Attorney General's Office in defeating the motion." Compl. 7. He claims this violates his first and fourteenth amendments rights to access to courts, due process, and equal protection. He broadly claims that Jordan and all other defendants, each of whom is either the state Attorney General, an Assistant Deputy Attorney General, or an Assistant Attorney General (the AG Defendants), "conspired" to keep him from being able to prevail, through entry of a default judgment, on his claims of improper imprisonment. Finally, he claims that Defendant County of Florence, South Carolina has an unconstitutional "policy" of requiring indigent persons to pay motion filing fees, but not requiring the same of the State Attorney General and his lawyers. Plaintiff asks this Court to issue an injunction requiring the Clerk of Court in Florence to accept his motion and file it "as of" April 5, 2010, the original date it was submitted to the Clerk, thus placing it ahead of the state's return on the docket when the state was still technically "in default." He also seeks declaratory judgment and compensatory and punitive damages.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with

liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, Plaintiff's claim that all Defendants conspired to violate his rights of access to court, to redress injury, to due process and/or equal protection is subject to summary dismissal because there is no federal constitutional right for any civil litigant, including one who might or might not qualify as an indigent for purposes of waiver of case filing fees, to avoid payment for court costs such as the fee currently charged in South Carolina civil courts for the filing of motions. Regardless of whether or not Plaintiff was granted *in forma pauperis* status in connection with the mandamus case he filed in Florence County Court of Common Pleas,[4] it is well settled that a grant of such status does not mean that an "*in forma pauperis* plaintiff's discovery [or other court] costs either are underwritten or are waived." *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991). The *Badman* case involved an indigent plaintiff seeking issuance of a subpoena *duces*

---

[4]It is not known whether or not Plaintiff was granted *in forma pauperis* (IFP) status in the Court of Common Pleas. It is probable that he was not. The State of South Carolina generally only grants such status to litigants who are pursuing claims relating to "fundamental rights" such as domestic relations (divorce, child support/custody), individual privacy (forced transfusions, etc.), and criminal proceedings and appeals therefrom. *See Ex Parte Martin*, 321 S.C. 533, 471 S.E.2d 134 (1995); *Quillian v. Evatt*, 308 S.C. 555, 419 S.E.2d 783 (1992); *State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991); *Ex Parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381, 382-83 (1987). This limited availability of IFP status is in compliance with applicable federal authority. *See, e. g.*, *Ortwein v. Schwab*, 410 U.S. 656 (1973); *United States v. Kras*, 409 U.S. 434 (1973); *Boddie v. Connecticut*, 401 U.S. 371 (1971).

*tecum* to be served on a third-party. The court specifically held that he or she must simultaneously tender the witness fees and the reasonably estimated mileage allowed by law with the service of the subpoena. *Badman v. Stark*, 139 F.R.D. at 604 (*citing CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983)). Several Courts of Appeals have held that federal district courts should decline to issue subpoenas for indigent plaintiffs in § 1983 cases without payment of the costs of attendance fees, mileage allowances, and related costs. *See*, *e.g.*, *Boring v. Kozakiewicz*, 833 F.2d 468, 473-75, (3rd Cir. 1987)(district court not required to pay for plaintiffs' expert medical witness); *Johnson v. Hubbard*, 698 F.2d 286, 289-91 (6th Cir. 1983)(lower courts have no duty to pay for witness fees in civil, non-habeas corpus cases). *See generally United States Marshals Service v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984)(*en banc*)(IFP grant under § 1915 does not require courts of the United States to pay witness fees and other costs for indigent plaintiffs in § 1983 actions). Also, several federal district courts have held that indigent plaintiffs are responsible for other costs incurred during litigation and that there is no constitutional right to have such costs covered by the government. *See, e. g.*, *Manning v. Tefft*, 839 F. Supp. 126, 129 (D.R.I. 1994)(indigent prisoner required to pay own transportation fee to court from prison for civil trial); *Newson v. Harrison*, 687 F. Supp. 360, 361-62 (W.D. Tenn. 1988)(applying the holding in *Johnson v. Hubbard*); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989)(adopting the holding in *Boring v. Kozakiewicz*); *see also Corella v. City of Philadelphia,* No. CIV. A. 97-7874, 1999 WL 345591 (E.D. Pa. May 13, 1999)(indigent civil plaintiff must pay for witness transportation); *Smith v. Buffalo Bd. of Educ.,* No. 96-CV-0229E(H), 1997 WL 613255 (W.D.N.Y. Oct. 2, 1997)(plaintiff required to pay for deposition transcripts).

Although Plaintiff in the present case claims that consideration of his attempted filings in the Florence County Court of Common Pleas should not be dependent on his paying the fee for filing motions – fees that are really no different from other costs of the litigation, such as

photocopying, discovery, and trial preparation and transportation expenses – he is in a position no different from that of any other indigent litigant in this country, whether inside or outside the prison system. *See Caputo v. Fauver*, 800 F. Supp. 168 (D. N.J. 1992). *Pro se* litigants are not excused from complying with court orders or substantive and procedural law. *American Inmate Paralegal Ass'n v. Cline*, 859 F.2d 59, 61 (8th Cir.1988); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.1984).

Furthermore, even if there were some basis for a constitutional challenge to the imposition of motion filing fees and refusal to file documents for prisoners without prepayment of such fees, Plaintiff's claim seeking damages against Defendant Jordan because she required payment of the fee before filing the motion for default judgment is barred by the doctrine of absolute *quasi*-judicial immunity. This doctrine has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.1989); *see also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel). Defendant Jordan has *quasi*-judicial immunity because when she refused to file Plaintiff's motion without the required filing fee she was performing her court-support duties as required by her employer, the Office of the Florence County Clerk of Court, which is a part of the State of South Carolina's unified judicial system. *See* S.C. Const. Article V, § 24; § 14-1-40, South Carolina Code of Laws (as amended); § 14-17-10, South Carolina Code of Laws (as amended). *See Mayes v. Wheaton*, 1999 WL 1000510 (N.D. Ill., November 1, 1999)("Judicial immunity extends to all persons performing judicial and *quasi*-judicial functions, as well as those acting under the orders, or at the discretion, of a judicial officer.")(citing *Forrester v. White*, 484 U.S. 219, 226-27 (1988)). County Clerks of Court,

though elected by the voters of a County, are a part of the State of South Carolina's unified judicial system. Defendant Jordan has *quasi*-judicial immunity because Plaintiff's allegations show that she was following rules of a Court, or was acting pursuant to authority delegated by a court to Clerk's Office personnel, when she did not file the motion because it was not accompanied by the required filing fee. *See Cook v. Smith*, 812 F. Supp. 561, 562(E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a bench ruling, rejected claims similar to those raised by the *pro se* plaintiff in the case *sub judice*:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D. Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

515 F. Supp. at 1076; *see also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

Moreover, to the extent the it seeks damages and other relief from the AG Defendants because they allegedly "conspired" with Jordan to file a late return and motion to dismiss his mandamus action, thus preventing him from pursuing a default judgment, Plaintiff's Complaint fails to state any viable claim. Plaintiff's claim of conspiracy among the Defendants is entirely too conclusory to be given credence. In the case of *Ruttenberg v. Jones,* 283 Fed. Appx. 121 (4th Cir.

7

2008), the Fourth Circuit Court of Appeals held that conspiracy claims must allege sufficient facts to show a "plausible suggestion of conspiracy," which requires the Plaintiff to plead facts that would "reasonably lead to the inference that Defendants positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Ruttenberg*, 283 F. Appx. at 132 (quoting from *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996)).

Other than the alleged fact that Defendant Jordan filed the return despite having previously refused to file his motion, Plaintiff provides no other factual basis for his claim of conspiracy. Plaintiff conclusorily states that "Defendant Jordan did not fail to file Plaintiff Motion due to the lack of a $ 25.00 dollar filing fee as she attempts to suggest. She failed to do so to assist the S.C. Attorney General's Office in defeating the motion." Compl. 7. Then Plaintiff continues to state that all Defendants "conspired to keep Plaintiff motion from being filed to deny all judicial review of the claims in the motion, and to suppress the evidence and facts supporting the motion for relief." *Id.* at 8. However, despite such conclusory statements that the parties "conspired," Plaintiff does not allege any facts that would show any positive or tacit "mutual understanding to try to accomplish a common and unlawful plan." Importantly, he does not state that Defendant Jordan expressly contacted the other Defendants to tell them to file their return or to tell them about Plaintiff's attempted filing of a motion for default judgment. There are no allegations of express or tacit agreement among any of the Defendants. In fact, the circumstances pled seem to show that it was Plaintiff himself (or at least his wife) who informed the AG Defendants of the attempted filing of the motion in that Plaintiff acknowledges that, in addition to telling his wife to file the motion in court, she was also directed to "mail a copy of [the motion] to defendant Henry D. McMaster . . . ." *Id.* at 5. Accordingly, the Complaint submitted in this case completely fails to establish a viable conspiracy claim against any of the Defendants, even if the court were to assume that Jordan's rejection of the motion somehow implicated constitutional considerations, which clearly it does not.

As the United States Supreme Court recently explained, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). And "[w]e are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-1950 (quotation marks omitted). Appellants' allegations "do not permit [us] to infer more than the mere possibility of misconduct." *Id.* at 1950.

Finally, Plaintiff's claim against Defendant Florence County that it has an "unconstitutional policy" (charging the filing fee) is not viable because it is clear that the contested motion filing fee is not a policy of Florence County. Instead, it is a state-wide policy implemented by the state legislature through state statute, S.C. Code Ann. § 8-21-320 (2009), and is applicable to all state courts covered by the statute. Additionally, Florence County cannot be held responsible for actions taken by the Court of Common Pleas for Florence County. It can be judicially noticed that in South Carolina a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *See* Act No. 58, 1973 S.C. Acts 161; Article V, Section 1 of the Constitution of the State of South Carolina; *see also State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d 23, 24 (S.C. 1975).

Under the current version of Article V, Section 1, the Supreme Court of South Carolina, not Florence County, retains the *sole* authority to supervise state and municipal courts in Florence County. *See Spartanburg County Dept. of Social Services v. Padgett*, 370 S.E.2d 872, 875-76 (S.C. 1988). Consequently, even if Plaintiff had stated a viable constitutional claim against any other party, which he has not, Florence County should be dismissed from this civil rights action because it was not responsible for the alleged violations of Plaintiff's rights during the relevant times at issue in this case.

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

                                                s/Kevin F. McDonald
                                                United States Magistrate Judge

July 12, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).